# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4505 | DATE | 10/23/2003 |
| CASE TITLE | | Friskit Inc vs. Realnetworks Inc | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, 28 U.S.C. 1404(a) MOTION by defendant to transfer action to the United States District Court for the Northern District of California [8-1] is granted. Case closed and transferred to the U.S. District Court of California. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRISKIT, INC., a Delaware corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 4505 |
| v. ) | |
| ) | Judge John W. Darrah |
| REALNETWORKS, INC., a Washington corporation; ) | |
| and LISTEN.COM, a California corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED OCT 24 2003

Plaintiff, Friskit, Inc., filed a patent infringement suit against Defendants, Realnetworks, Inc. and Listen.com. Currently before the Court is Defendants' Motion to Transfer Venue to the Northern District of California.

Friskit is a Delaware corporation, having its principal place of business in San Francisco, California. Realnetworks, Inc. is a Washington corporation with its principal place of business in Seattle, Washington. Listen.com is a California corporation with its principal place of business in San Francisco, California.

Friskit is the owner of several patents relating to the media searches and playback systems via the internet. Friskit alleges that Defendants have infringed these patents through the manufacture, sale, and the offering for sale products, systems, and methods, including Realnetworks' RealOne Player Plus player and subscription services and Listen.com's Rhapsody service. Such infringement is alleged to have occurred in this district as well as elsewhere within the United States.

In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

Both parties concede that venue is proper in both the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of California.

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of the witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of each individual case. *Georgouses*, 963 F.Supp. at 730; *Law Bulletin*, 992 F.Supp. at 1017. For example, where the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

2

In the instant case, Plaintiff chose to bring suit in the Northern District of Illinois although its principal place of business is in San Francisco, California. Defendants are incorporated in Washington and Delaware and are located in Seattle, Washington and San Francisco, California. The situs of the material events - the alleged infringement - occurred in this district as well as throughout the United States. Because deference is granted to the Plaintiff's initial forum choice, this factor weighs in favor of denying Defendants' motion to transfer. However, because none of the parties reside in the Northern District of Illinois and the situs of material events takes place throughout the United States, including Illinois and California, Plaintiff's choice of forum is given less deference.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953) (*General Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within

the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Here, Listen.com's sole office is located in San Francisco, California; and all of its employees, including witnesses involved with the conception, design, development, and engineering of the allegedly infringing technology, are located in San Francisco, California. Realnetworks' witnesses involved with the conception, design, development, and engineering of the allegedly infringing technology are located in Seattle, Washington. Furthermore, Plaintiff's witnesses involved with the patents-in-suit are located in San Francisco, California. Neither party has identified any witnesses that may be called to testify that are in the Northern District of Illinois. As such, this factor weighs in favor of granting Defendants' motion.

Regarding the ease of access of other evidence, evidence for this action is likely to be found in the Northern District of California and Seattle, Washington. While modern technology has made it easier and less expensive to transfer information than ever before, because most, if not all, of the relevant evidence is located on the West Coast, this factor weighs in favor of Defendants' motion.

The situs of the material events of the instant case is within both the Northern District of Illinois and the Northern District of California. As such, this factor weighs neither in favor of or against a transfer.

As to the relative convenience of the parties in litigating in the respective forums, as stated above, most of the witnesses are located in the Northern District of California and the West Coast. Accordingly, this factor weighs in favor of transferring venue.

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F.Supp.2d at 961. This

includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F.Supp.2d at 961; *Georgouses*, 963 F.Supp. at 730.

Both the Northern District of Illinois and the Northern District of California are familiar with the substantive law. Accordingly, this factor weighs neither in favor of or against a transfer.

As discussed above, events bearing a relation to this cause of action took place in both the Northern District of Illinois and the Northern District of California. Accordingly, this factor weighs neither in favor of or against a transfer.

Lastly, Defendants attach documentation demonstrating that the median time to trial in the Northern District of Illinois is slightly greater than that for the Northern District of California. However, the median time from filing to disposition for all cases in the Northern District of Illinois is slightly less than that of the Northern District of California. As such, this factor weighs neither in favor of or against a transfer.

In sum, the above factors weigh in favor of granting Defendants' Motion to Transfer Venue to the Northern District of California. Defendants' Motion to Transfer Venue to the Northern District of California is granted.

Dated: October 23, 2003

JOHN W. DARRAH
United States District Judge